THE STATE OF OHIO, APPELLEE, *v.* LOCKLEAR, APPELLANT.

[Cite as State v. Locklear (1978), 61 Ohio App. 2d 231.]

(No. 78AP-396—Decided December 12, 1978.)

*Mr. George C. Smith,* prosecuting attorney, and *Mr. Alan C. Travis,* for appellee.

*Messrs. Tyack, Scott, Grossman & Wiseman,* for appellant.

REILLY, J. This is an appeal from a judgment of the Court of Common Pleas of Franklin County. The record shows appellant was indicted for two counts of felonious assault (R. C. 2903.11), resulting from events which occurred at the Country Palace Bar, October 22, 1977.

The transcript, in substance, shows that there was a dispute there and appellant, as well as others, were involved. Consequently, two individuals, Leroy Fout and Terry Shawn Bonner, were shot. The evidence indicates that Terry Bonner went to the Country Palace Bar the evening the altercation occurred to meet his brother. He heard his name called, turned around and saw appellant, with some members of his family, seated at one of the tables. There was some conversation, and Jimmy Jackson, appellant's brother, grabbed Terry Bonner around the arm and began striking at him with a knife. Bonner testified that while trying to free himself he fell to the floor.

Further, Bonner testified that appellant then pulled a gun and shot him in the hip. Bonner said he ran toward the exit and appellant shot him again. Bonner was hospitalized the day the trial began because of an automobile accident, and the jury was taken to the hospital to hear his testimony.

Several other witnesses testified that they saw appellant firing the weapon. Leroy Fout, a bystander, was also shot during the proceedings. Appellant testified in his own behalf and contended that Bonner was the aggressor. He admitted

carrying the gun, but stated he did not recall shooting Bonner. There were other witnesses who testified for appellant that Bonner started the fight and had a gang supporting him in the fray.

The case became a casualty of the January 1978 winter blizzard. The trial commenced January 19, 1978, and the jury retired to deliberate during the afternoon of January 25, 1978. Then the jury did not meet again until January 30, 1978, because of the blizzard. One juror was still not able to attend because of weather conditions, and the court called upon an alternate juror who had been excused to join the regular jury panel, and instructed the jury to begin deliberations again. The jury returned a verdict of guilty as to count two of the indictment, the assault upon Terry Bonner, but issued a not guilty verdict as to count one of the indictment, involving Leroy Fout.

This appeal has now been perfected, including the following assignments of errors:

"1. The Trial Court committed error prejudicial to the defendant in violation of the defendant's constitutional rights under the Fifth, Sixth, and Fourteenth Amendments in inserting, without the defendant's consent, the alternative juror into the deliberative body after one of the regular jurors became unavailable after deliberations had been undertaken for a period of time.

"2. The Trial Court erred in permitting the critical witness, Terry Shawn Bonner, to testify from a hospital bed when he was hospitalized for reasons totally unrelated to this particular incident and failing to grant a mistrial when it became apparent that that witness was in fact hospitalized and his condition was such as to make it misleading as to his credibility in the circumstances surrounding the original shooting.

"3. The Trial Court erred in permitting certain testimony as to the 'bad temper' of the defendant while excluding testimony on cross examination of the state's witnesses as to the reputation and history of Terry Shawn Bonner."

The first assignment of error is dispositive of the appeal. As indicated above, after the evidence was presented, the jury was given its instructions, and then retired to deliberate. The alternate juror was excused. Unfortunately, on the sec-

ond day of deliberations, which had been delayed because of weather conditions, only eleven of the twelve jurors returned. The trial court, over a vigorous objection by counsel for appellant, substituted the previously excused alternate juror, and the jury proceeded with deliberations. The transcript indicates that the jury returned to the jury room at 9 a.m., January 30, to begin their deliberations. Apparently, they did not actually proceed, and at approximately 10 a.m. the trial court contacted the absent juror. She told the court she was unable to be present because of the unprecedented weather conditions. This was undoubtedly a difficult and most unfortunate circumstance for all concerned. This court, however, on appeal, is governed by Criminal Rule 24, which provides, in pertinent part:

"Alternate jurors in the order in which they are called shall replace jurors who, *prior to the time* the jury retires to consider its verdict, become or are found to be unable or disqualified to perform their duties.***An alternate juror who does not replace a regular juror shall be discharged after the jury retires to consider its verdict." (Emphasis added.)

Hence it becomes quite definite that the only provision in the rule for replacement of a regular juror by an alternate juror is, prior to the time the jury commences its deliberations, and prior to the discharge of the alternate juror. There is no provision for the substitution of a juror by the alternate during the course of deliberations. Moreover, R. C. 2945.33 provides that jurors will be kept together in a convenient place until they agree upon a verdict. There is a provision that permits them to separate during the evening hours, but they must be admonished not to converse with anyone concerning the trial and conditions. The prior section of the Revised Code, R. C. 2945.29, which was replaced by Criminal Rule 24, included essentially the same provision. In sum, a juror may be substituted only prior to the time the jury retires to consider the verdict. Moreover, R. C. 2313.37, which governs civil cases, provides that if, before the final submission of a case to a jury, a juror becomes incapacitated, the juror may be discharged by the judge and replaced by the alternate.

This court is cognizant of the difficulty involved in such a situation. Notwithstanding, considering defense counsel's ob-

jection, and, particularly, noting that the foregoing rule and statutory provisions are quite definite, the only alternative upon this appeal is to find appellant's first assignment of error well taken. Accordingly, it is sustained, and this cause must be remanded for a new trial.

Considering that determination, we do not need to consider the issues raised by appellant's second and third assignments of error. Since there must be a new trial, appellant has not been prejudiced by the testimony of either Terry Shawn Bonner or Marjorie Kern.

Consequently, the second and third assignments of error are overruled.

For the foregoing reasons, the judgment is reversed and the cause remanded for further proceedings in accordance with law consistent with this decision.

*Judgment reversed.*

WHITESIDE and MCCORMAC, JJ., concur.