JOURNAL ENTRY AND OPINION.
{¶ 1} Robert Armstrong appeals from his conviction for one count of possession of crack cocaine in violation of R.C. 2929.11. The appellant was sentenced to a term of eleven months incarceration. The appellant contests only the appointment of an alternate juror subsequent to the beginning of deliberation and the imposition of sentence.
 {¶ 2} On November 15, 2001, the appellant was stopped for a traffic violation at the corner of East 130th Street and Union, Cleveland, Ohio. The appellant admitted that he was driving without a license. The officer patted down the appellant and found no drugs or weapons upon the appellant. Although the appellant could have been arrested for driving without a license, the officer decided not to arrest the appellant. Instead, as police procedure dictates, he had the appellant sign the citation and he took the appellant's thumb print. The appellant was then released. Once the appellant began walking away, as routine police department procedure dictates, the officer searched the police vehicle. A small rock of cocaine was found underneath the rear seat. The appellant was placed under arrest and conveyed to the police station.
 {¶ 3} The appellant's trial commenced on March 6, 2002. At approximately 3:45 p.m., subsequent to the court's charge to the jury at the conclusion of trial, the jury retired to deliberate. The next morning the court informed the jury that one of their members was ill and could not continue deliberations. The court indicated on the record that the jury had been excused at 5:00 p.m. the evening before. The court proceeded to seat the alternate juror in the place of the ill juror. The court carefully instructed the jury that the deliberations were to begin anew and as though deliberations had never begun, including the selection of the foreperson. The court poled the jurors individually to ensure that each could follow and would follow the instruction (T. 226-231). The court answered questions from the jury to ensure their understanding and compliance. The appellant did not object to the court's decision to replace the ill juror with the alternate and did not object to the procedure the court used in doing so.
 {¶ 4} Approximately two hours later the jury returned a guilty verdict. The appellant requested and was denied a pre-sentence investigation report. The court proceeded to sentence the appellant. When given his right of allocution, the appellant stated:
 {¶ 5} "I'd like to thank the Court for giving me the chance to have a jury trial. I tried — I got my life together. I just ran into something that just happened, you know.
 {¶ 6} "And I'm working. I don't do drugs. I don't — I'm not a violent person. I accept the guilty plea and whatever sentence that you give me. (T. 238).
 {¶ 7} The record reflects the court made the following statements: THE COURT: "Okay. I also need to consider your prior record. You've got case no. 360047 and on May 11, 1998 you were before Judge Calabrese on that case and you pled guilty to theft and Judge Calabrese sentenced you to a term of seven months.
 {¶ 8} THE DEFENDANT: "Yes.
 {¶ 9} THE COURT: "In case 352607 before Judge Calabrese, also a theft case.
 {¶ 10} "On 1/8 of `98 you pled guilty to theft and the Court put you on community controlled sanctions.
 {¶ 11} "On 5/1 of `98 a community control violation hearing was held. You were found to be in violation and your probation was terminated.
 {¶ 12} "Case 284044 before Judge Terrence O'Donnell. In that case you entered a plea of guilty to attempted carrying of a concealed weapon and that was on November 6, 1992, a felony four under the old law. And in that case you were sentenced to LCI for a term of six months. That sentence was suspended. You were placed on one and one-half years of probation.
 {¶ 13} "On March 11th of 1993 you violated that probation and the Court found you to be a probation violator and the original sentence of six months was ordered into execution by Judge Terrence O'Donnell.
 {¶ 14} "In looking at the sentencing factors for felonies of the fourth and fifth degree, obviously you've previously served a prison term.
 {¶ 15} "In looking at recidivism factors, you have a prior adjudication and history of criminal convictions. You have a failure to respond favorably in the past to sanctions imposed for criminal convictions and demonstrated a pattern of drug abuse related to the offense and refusal to acknowledge the pattern and refusal for treatment.
 {¶ 16} "Obviously, you also show no remorse for the defense — for the offense rather.
 {¶ 17} "There aren't any factors that apply to you under recidivism unlikely.
 {¶ 18} "In looking though the serousness factors, there are none under less serious to point out to the Court that would give substantial grounds for mitigation.
 {¶ 19} "I am going to make the finding pursuant to Revised Code 2929.13(B) that a prison term is consistent with protecting the public from future crime and punishing this offender, that the offender is not amenable to community controlled sanctions, and I'm going to impose a prison term of eleven months. You'll receive credit for time served. Sheriff to transport. And the fine will be waived due to your indigency." (T. 238-240).
 {¶ 20} The court suspended the appellant's driver's license for six months, advised him of his appellate rights, and advised him that he was subject to post-release control.
 {¶ 21} The appellant sets forth two assignments of error. In the first assignment of error, the appellant argues that the trial court committed plain error when it violated Crim.R. 24(F) by seating the alternate juror subsequent to the beginning of deliberation.
 {¶ 22} Crim.R. 24(F) states in pertinent part:
 {¶ 23} "(F) Alternate jurors. * * * Alternate jurors in the order in which they are called shall replace jurors who, prior to the time the jury retires to consider its verdict, become or are found to be unable or disqualified to perform their duties. * * * An alternate juror who does not replace a regular juror shall be discharged after the jury retires to consider its verdict."
 {¶ 24} In United States v. Olano (1993), 507 U.S. 725,123 L.Ed.2d 508, 113 S.Ct. 1770, the United States Supreme Court addressed the question whether a trial court erred by permitting two alternates to be present during jury deliberations without objection from defendant. The court found the express terms of Crim.R. 24(F) prohibit the presence of alternates in jury deliberations and any order to that effect would be a deviation from the rule. Id. at 737. Noting Olano failed to object to the presence of the alternates, the court went on to analyze the case for plain error, under Fed.R.Crim.P. 52(b). The court ultimately held that the presence of the alternates was not an error the appellate court was authorized to correct under Crim.R. 52.
 {¶ 25} Unlike Olano, the court in State v. Miley (1991),77 Ohio App.3d 786, 603 N.E.2d 1070, considered not merely the observation by an alternate of the jury deliberations, but the substitution of the alternate for a juror after deliberations had begun. The court of appeals reversed the appellant's convictions because the trial court substituted the alternate juror after a partial verdict had been returned and the court failed to instruct the jury to begin its deliberations anew. The appellate court reasoned that, by making the substitution without instructing the jury to start its deliberations over again, the trial court deprived the defendant of his right to have all jurors participate together in the deliberations which lead to the verdict. Id. at 792. See also, State v. Allen (Nov. 3, 1994), Cuyahoga App. No. 65806.
 {¶ 26} In State v. Bowling (Feb. 8, 1996), Franklin App. No. 95APA05-599, the court found that seating the alternate juror after deliberations began does not constitute per se error. However, such a substitution permitted without notice to counsel and without any additional instruction to the jury to begin deliberations anew is error.
 {¶ 27} This court, in State v. Brown (1995), 108 Ohio App.3d 489,671 N.E.2d 280, cited to State v. Miley (1991), 77 Ohio App.3d 786,603 N.E.2d 1070, headnote 3, which states, substitution of alternate for regular juror after jury has retired to consider its verdict is not per se plain error, rather, reversal is required only where there is some showing of prejudice.
 {¶ 28} In State v. Murphy, 91 Ohio St.3d 516, 2001-Ohio-112,747 N.E.2d 765, the Ohio Supreme Court held that the Rules of Criminal Procedure make but one exception to the contemporaneous-objection requirement: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). The court continued its discussion and stated that pursuant to this rule, notice of waived errors may be considered only if they can be characterized as "plain error." The plain error test is a strict one. Murphy, reiterating that an alleged error `does not constitute a plain error or defect under Crim.R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise.'State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus. The plain error rule is not to be invoked lightly, rather, notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. Long at paragraph three of the syllabus.
 {¶ 29} When reading these cases together it is clear that the substitution of an alternate juror for a seated juror after deliberations have begun is error. In determining whether plain error has been committed, it seems that some of the pertinent factors courts consider are[1]: 1) was the substitution done in open court with the presence of counsel; 2) did counsel agree to the substitution; 3) did counsel object; 4) was the jury instructed to begin deliberations anew; 5) the length of time the jury had been deliberating prior to the substitution; and, 6) any prejudice shown by the defendant. Finally, this court will apply the oft held rule that jurors are presumed to follow the instructions of the court. State v. Loza (1994), 71 Ohio St.3d 61, 79,641 N.E.2d 1082,.
 {¶ 30} In the case sub judice, the trial court erred pursuant to the plain language of Crim.F. 24(F) and the appellant failed to object. This court must determine whether the court's error, in light of the appellant's failure to object, arises to the level of plain error. The record indicates that the trial began on March 6, 2002. The jury retired to consider its verdict for a short time, approximately an hour and fifteen minutes, that afternoon. The next morning, in open court, the trial judge indicated that a juror was to be excused due to illness. The judge excused the juror and seated the alternate juror. The court carefully and completely instructed the jury that they were to begin their deliberations anew. Under the circumstances present in this case, the trial court did not err in substituting the alternate juror for the incapacitated juror. The jury had not been deliberating for any great length of time, and they were clearly instructed to begin the deliberations anew. The appellant failed to present any argument indicating that the outcome of the trial would clearly have been different. Thus, no prejudice accrued to the appellant as a result of the court's action.
 {¶ 31} The appellant's first assignment of error is overruled.
 {¶ 32} In the second assignment of error, the appellant argues that the trial court improperly imposed sentence when it failed to comply with the statutory requirements. Specifically, the appellant contends that the trial court failed to consider each statutory factor and that it's conclusions when considering the recidivism factors set forth in R.C. 2929.12 were not supported by the record.
 {¶ 33} A reviewing court will not reverse a sentence unless that court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. State v. Edwards (Sept. 26, 2002), 2002-Ohio-5064, Cuyahoga App. No. 80133 citing to R.C.2953.08(G).
 {¶ 34} In R.C. 2929.13 the legislature has provided that a defendant found guilty of a fifth-degree felony may be sentenced to a term of imprisonment where the offender has previously served a prison term. The statute then directs a court to consider the factors set forth in R.C. 2929.12 and 2929.11. Specifically the court must find that a prison term is consistent with the purposes and principles of sentencing set forth in section R.C. 2929.11 and find that the offender is not amenable to an available community control sanction.
 {¶ 35} First considering R.C. 2929.11, which requires the court to consider the purposes of felony sentencing, this court finds that the trial court complied with the requirements R.C. 2929.11 by noting that the imposition of a prison term on the appellant would protect the public from future crimes and punish the appellant.
 {¶ 36} Turning next to R.C. 2929.12, we find that, as the statute requires, the court addressed section (B) and (C) regarding seriousness of the offense and found no subsections applied. The court then considered sections (D) and (E). The court entered a finding under R.C.2929.12(D)(2) by noting that the appellant had a criminal history. The court entered findings related to R.C. 2929.12(E)(2)(3)(4) finding that the appellant had not responded favorably in the past to previously imposed sanctions; that the appellant exhibited a pattern of drug abuse and refused treatment; and that the appellant showed no remorse.
 {¶ 37} The appellant contends that there is no evidence of a pattern of drug abuse or refusal of treatment and that he has been a law-abiding citizen since 1998, which he considers to be a significant number of years. He also argues that his conduct fell into the category of less serious under R.C. 2929.12(C)(3) because there was no physical harm to property.
 {¶ 38} Assuming arguendo, that the appellant is correct, the court's findings that the appellant had not responded favorably in the past to previous imposed sanctions as set forth in R.C. 2929.12(E)(2) was supported by the record and was sufficient to support the trial court's decision.
 {¶ 39} However, this panel is concerned that the appellant's sentence was contra to the purposes and principles of felony sentencing as set forth in R.C. 2929.11 requiring that the sentence bear some proportionality to the gravity of the offense. The overriding purposes of the felony sentencing statutes are to protect the public from future crimes by the offender and to punish the offender. See R.C. 2929.11(A). A sentence imposed for a felony should be calculated to achieve these two purposes, and be commensurate with the offender's conduct without demeaning the seriousness of that conduct or the impact that conduct had on the victims. See R.C. 2929.11(B). Here, the police found a minuscule amount of crack, there is no evidence of recent arrests or convictions, and the appellant's past convictions were not drug related. The cost to the taxpayers for the appellant's term of imprisonment does not seem warranted. More importantly, this panel notes that the appellant was supporting six children and the societal cost to the children may be far in excess of the crime committed by the appellant.
 {¶ 40} While perhaps this court would have determined otherwise, the appellant has not presented clear and convincing evidence that the sentence is unsupported by the record or is contrary to law. Thus, this court has no basis for reversal.
 {¶ 41} The appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and JAMES J. SWEENEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] This court does not consider this list to be all inclusive, rather, it is applicable to the case herein. Such considerations vary with the circumstances of each case.