JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Gregory N. Pappas, appeals the judgment of the Common Pleas Court, rendered after a bench trial, finding him personally liable to plaintiff-appellee, Spiros G. Kyrkos, M.D., in the amount of $10,000. Pappas contends that the trial court erred in admitting a copy, rather than the original, of a note he signed which evidenced his agreement to repay a loan from Kyrkos. Finding no merit to the appeal, we affirm.
 {¶ 2} In December 2001, Kyrkos filed suit against Pappas and Tora Manufacturing, Inc., seeking the repayment of $20,000 that he had allegedly loaned to Pappas. At the subsequent bench trial, Kyrkos testified that in February 1994, Pappas requested a personal loan of $10,000 from him due to his "very bad economic condition." Kyrkos loaned Pappas $10,000, and in return, Pappas gave Kyrkos a post-dated check for $10,150, which included an additional $150 as interest on the loan. Pappas later told Kyrkos not to cash the check, however, because he did not have the funds to repay Kyrkos.
 {¶ 3} Kyrkos testified that shortly thereafter, Pappas again approached him and requested another personal loan of $10,000. According to Kyrkos, although he loaned the money personally to Pappas, at Pappas' request, Kyrkos made the check payable to Tora Manufacturing, a company owned by Pappas. Pappas testified that he deposited both checks from Kyrkos into his personal bank account.
 {¶ 4} Kyrkos subsequently made demand upon Pappas to repay the loans, but although Pappas made several promises to repay Kyrkos, he never repaid the loans. Kyrkos testified that in August 1994, he and Pappas met with an attorney. At this meeting, Pappas executed a promissory note both as president of Tora Manufacturing and as guarantor, promising to repay the $20,000 in loans from Kyrkos. Kyrkos testified that he could not find the original note, however, and the trial court admitted into evidence a duplicate copy of the original note. Pappas testified that he could not recall the meeting, but acknowledged that the signatures on the note appeared to be his.
 {¶ 5} The trial court awarded judgment in favor of Kyrkos and against Pappas individually for $10,000, plus interest and court costs.[1] This appeal followed.
 {¶ 6} In his single assignment of error, Pappas argues that the trial court erred in admitting a duplicate copy of the promissory note, rather than the original.
 {¶ 7} Evid.R. 1003 governs the admissibility of duplicates and provides as follows:
 {¶ 8} "A duplicate is admissible to the same extent as an original unless 1) a genuine question is raised as to the authenticity of the original or 2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."
 {¶ 9} The burden is on the party opposing the admission of the duplicate to demonstrate a genuine issue as to the authenticity of the unintroduced original, or as to the trustworthiness of the duplicate or the fairness of substituting a duplicate for the original. State v. Easter (1991),75 Ohio App.3d 22, 27, citing United States v. Chang An-Lo (C.A.2, 1988), 851 F.2d 547, 557.
 {¶ 10} A trial court's decision regarding whether to admit a duplicate in lieu of an original will not be reversed absent a showing of abuse of discretion. Id.; State v. Brown (1995),108 Ohio App.3d 489, 496-497. An abuse of discretion is more than an error of law or judgment; it implies an unreasonable, arbitrary or unconscionable attitude. State v. Moreland (1990),50 Ohio St.3d 58, 61.
 {¶ 11} We find no abuse of discretion here. Pappas raised no issue concerning the authenticity or accuracy of the original promissory note at trial. Although he asserts in his brief on appeal that he "denies signing the document and believes it to be a fraud," there was no such evidence before the trial court. At trial, although Pappas testified that he could not remember the meeting in which the note was signed, he did not deny signing the promissory note and, in fact, acknowledged that the signatures on the document appeared to be his. Pappas also offered no evidence to the court that the duplicate copy was not trustworthy or that, for any reason, it was unfair to admit the duplicate.
 {¶ 12} Accordingly, Pappas failed to meet his burden of demonstrating that the duplicate should not be admitted and, therefore, the trial court did not err in admitting the duplicate copy of the promissory note into evidence.
 {¶ 13} Appellant's assignment of error is overruled.
 {¶ 14} Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Rocco, J., concur.
[1] The court also awarded judgment in favor of Kyrkos and against Pappas and Tora Manufacturing, jointly and severally, in the amount of $10,000.