JOURNAL ENTRY AND OPINION
{¶ 1} The State appeals the order of Judge Peggy Foley Jones that sealed conviction records of Jeffrey Powers under R.C.2953.32. The State claims it was error to grant the motion to seal records without holding a hearing, and that Powers was not eligible for expungement because he was not a first offender. The State's two assignments of error are set forth in the appendix to this opinion. We reverse and remand.
 {¶ 2} On November 23, 2003, Powers filed, pro se, an application to seal records of his 1987 theft conviction.[1] The judge referred the case to the probation department for investigation, and on February 23, 2004, the State filed objections to the application. On March 2, 2004, the judge granted the application.
I. FAILURE TO HOLD A HEARING
 {¶ 3} The State claims the judge erred by granting the application without holding a hearing. R.C. 2953.32(B) provides in part: "Upon the filing of an application under this section, the court shall set a date for hearing and shall notify the prosecutor for the case of the hearing on the application." This language requires the judge to hold a hearing before granting an application to seal records under 2953.32. It is error to grant such application without holding a hearing.[2] The first assignment of error is sustained.
II. JURISDICTION TO GRANT APPLICATION
 {¶ 4} The State claims the trial court lacked jurisdiction to grant Powers's application to seal his conviction records because he was convicted of a misdemeanor in 2000. Unless the record shows a lack of jurisdiction, the failure to hold a hearing requires remand for further proceedings.[3] The record here does not show a lack of jurisdiction, and remand is therefore appropriate. The second assignment of error is overruled.
Judgment reversed and remanded.
 APPENDIX — ASSIGNMENTS OF ERROR "I. A Trial court errs in ruling on a motion for expungementfiled pursuant to R.C. 2953.32 without first holding a hearing(2953.32(b)); State v. Hamilton (1996), 75 Ohio St.3d 363,State v. Saltzer (1984), 14 Ohio App.3d 394, followed.
 "II. A Trial court errs in granting a motion to seal therecord of conviction when it is without jurisdiction to grantsaid motion to an applicant who is not a first offender due tohis subsequent conviction for explosives prohibitions."
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., And Kilbane, J.,* concur.
*Judge Anne L. Kilbane concurred in this Journal Entry and Opinion prior to her death on November 23, 2004.
(The Ohio Constitution requires the concurrence of at least two judges when rendering a decision of a court of appeals. Therefore, this announcement of decision is in compliance with constitutional requirements. See State v. Pembaur (1982),69 Ohio St.2d 110.)
[1] R.C. 2913.02.
[2] State v. Dean, Cuyahoga App. No. 80396, 2002-Ohio-4088, at ¶ 6; State v. Saltzer (1984), 14 Ohio App.3d 394,471 N.E.2d 872, syllabus.
[3] State v. Dean at ¶ 9.