JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, plaintiff-appellant, the State of Ohio, appeals from the order of the Cuyahoga County Court of Common Pleas that sealed the conviction records of defendant-appellee, Shelby Poston, under R.C. 2953.32. The State argues that the trial court erred in granting the motion to seal records without holding a hearing, and that Poston was not eligible for expungement because he was not a first offender. For the following reasons, we reverse and remand.
 {¶ 2} A review of the record reveals the following: On April 22, 2005, Poston filed, pro se, an application to seal the records of his 1993 drug abuse and possession of criminal tools convictions. The trial court referred the case to the probation department for investigation, and on August 19, 2005, the State filed a brief in opposition to the application. On September 28, 2005, the trial court granted the application. It is from this order that the State now appeals and raises two assignments of error.
 {¶ 3} "I. A trial court errs in ruling on a motion for expungement filed pursuant to R.C. 2953.32 without first holding a hearing."
 {¶ 4} In its first assignment of error, the State claims that the trial court erred by granting the application without first holding a hearing.
 {¶ 5} R.C. 2953.32(B) provides in part: "Upon the filing of an application under this section, the court shall set a date for hearing and shall notify the prosecutor for the case of the hearing on the application." This language requires the trial court to hold a hearing before granting an application to seal records under 2953.32. Accordingly, the trial court erred in granting the application without first holding a hearing. SeeState v. Powers, Cuyahoga App. No. 84416, 2004-Ohio-7021;State v. Dean, Cuyahoga App. No. 80396, 2002-Ohio-4088; Statev. Saltzer (1984), 14 Ohio App.3d 394.
 {¶ 6} The first assignment of error is sustained.
 {¶ 7} "II. A trial court erred in granting a motion to seal the record of conviction when it is without jurisdiction to grant said motion to an applicant who is not a first offender due to his conviction for disorderly conduct with a count of resisting arrest."
 {¶ 8} Our resolution of the State's first assignment of error renders the second assignment of error moot. See App.R. 12(A)(1)(c).
Judgment reversed and remanded.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Calabrese, Jr., J., concur.