The STATE of Ohio, Appellee,

v.

BODDIE, Appellant.

[Cite as *State v. Boddie*, 170 Ohio App.3d 590, 2007-Ohio-626.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 87538.

Decided Feb. 15, 2007.

William D. Mason, Cuyahoga County Prosecutor, and Diane Smilanick, Assistant Prosecutor, for appellant.

Brian Boddie, pro se.

CHRISTINE T. MCMONAGLE, Judge.

{¶ 1} In this appeal, the state of Ohio appeals from the order of the Cuyahoga County Court of Common Pleas that granted defendant-appellee Brian Boddie's application for expungement and sealed his conviction records pursuant to R.C. 2953.32. The state argues that the trial court erred in granting the application for expungement without a hearing and, further, that Boddie was not eligible for expungement because he was not a first offender. We reverse the decision and remand the cause.

{¶ 2} On December 1, 2005, the trial court entered an order granting Boddie's application for expungement and ordering that records regarding his conviction for drug abuse be sealed. The trial court did not hold a hearing prior to granting the expungement application.

{¶ 3} In its first assignment of error, the state contends that the trial court erred by granting the application without first holding a hearing.

{¶ 4} R.C. 2953.32(B) provides that "[u]pon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application." The requirement of a hearing is mandatory, and each application for expungement must be set for hearing. *State v. Minch*, Cuyahoga App. No. 87820, 2007-Ohio-158, 2007 WL 117497; *State v. Poston*, Cuyahoga App. No. 87216, 2006-Ohio-4125, 2006 WL 2322859; *State v. Powers*, Cuyahoga App. No. 84416, 2004-Ohio-7021, 2004 WL 2979951; *State v. Saltzer* (1984), 14 Ohio App.3d 394, 395, 14 OBR 500, 471 N.E.2d 872. Accordingly, the trial court erred in granting the application for expungement without first holding a hearing.

{¶ 5} Appellant's first assignment of error is sustained, and the matter is remanded for further proceedings in accordance with R.C. 2953.32.

{¶ 6} In its second assignment of error, the state contends that the trial court erred in granting Boddie's application for expungement and ordering that records regarding his drug-abuse conviction be sealed because he has another conviction.

{¶ 7} R.C. 2953.32(A)(1) provides that a first offender may apply to the sentencing court for sealing the conviction record. "First offender" is defined in R.C. 2953.31(A) as "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." The state argues that Boddie is not a first offender and is therefore not eligible for an expungement, because he has subsequent misdemeanor convictions for drug abuse and possession of an open container in the city of Cleveland. We find nothing whatsoever in the record, however, to support the state's contention.

{¶ 8} Additionally, we remind the state that "expungement is an act of grace created by the state." *State v. Hamilton* (1996), 75 Ohio St.3d 636, 639, 665 N.E.2d 669. "The expungement provisions are remedial in nature and 'must be liberally construed to promote their purposes.' *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622 [716 N.E.2d 204]. As one appellate decision aptly framed the philosophy underlying expungement: '[P]eople make mistakes [and] afterwards they regret their conduct and are older, wiser and sadder. The enactment and amendment of R.C. 2953.31 and 32 is, in a way, a manifestation of the traditional Western civilization concepts of sin, punishment, atonement, and forgiveness.

Although rehabilitation is not favored in current penal thought, the unarguable fact is that some people do rehabilitate themselves.' *State v. Hilbert* (2001), 145 Ohio App.3d 824, 827 [764 N.E.2d 1064]." *State v. Haas,* Lucas App. No. L–04–1315, 2005-Ohio-4350, 2005 WL 2007886, at ¶ 8. Boddie may perhaps be one of those people.

{¶ 9} We note further that whether to prosecute and what charges to file are decisions that generally rest in the prosecutor's discretion. *State v. Brown* (1995), 108 Ohio App.3d 489, 494, 671 N.E.2d 280, citing *United States v. Batchelder* (1979), 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755. A prosecutor should remain free to exercise his or her discretion to determine the extent of the societal interest in prosecution. *United States v. Goodwin* (1982), 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74. This discretion is no less important when applied to issues such as expungement.

{¶ 10} The state's second assignment of error is overruled.

{¶ 11} This decision is reversed, and the cause is remanded to the lower court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

SWEENEY, P.J., and GALLAGHER, J., concur.