The STATE of Ohio, Appellant,

v.

HANN, Appellee.

[Cite as State v. Hann, 173 Ohio App.3d 716, 2007-Ohio-6201.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 89240.

Decided Nov. 21, 2007.

---

13. See App.R. 12(A)(1)(c).

[REDACTED]

William D. Mason, Cuyahoga County Prosecutor, for appellant.

Sydney Hann, pro se.

M.J. Boyle, Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals a judgment of the Cuyahoga County Court of Common Pleas granting defendant-appellee's, Sydney Hann's, motion for expungement and ordering her records sealed. After reviewing the record and the pertinent law, we reverse and remand.

{¶ 2} On August 27, 1999, Hann was convicted of two counts of pandering obscenity. The trial court sentenced Hann to five years of community-control sanctions with conditions and court costs. The trial court terminated her community-control sanctions on March 13, 2002.

{¶ 3} On January 17, 2006, Hann filed an application to seal all official records and requested an oral hearing. The state filed a brief in opposition, and Hann filed a reply brief. Without holding an oral hearing, the trial court granted Hann's motion. It is from this judgment that the state appeals and raises the following assignments of error:

{¶ 4} (1) "A trial court errs in ruling on a motion for expungement filed pursuant to R.C. 2953.32 without first holding a hearing. R.C. 2953.32(B); *State v. Hamilton* (1996), 75 Ohio St.3d [636, 665 N.E.2d 669]; *State v. Saltzer* (1984), 14 Ohio App.3d 394 [14 OBR 500, 471 N.E.2d 872], followed."

{¶ 5} (2) "A trial court errs in granting a motion to seal the record of conviction when it is without jurisdiction to grant said motion to an applicant who was convicted of a crime in which the victim of the offense was under eighteen years of age, not allowed by R.C. 2953.36."

{¶ 6} In the first assignment of error, the state argues that the trial court erred because it did not hold a hearing on Hann's motion for expungement.[1] We agree.

{¶ 7} Under R.C. 2953.32(B), "[u]pon the filing of the application [for expungement], the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for hearing."

{¶ 8} As set forth in R.C. 2953.32(B), a hearing on an application for expungement is mandatory. *State v. Saltzer* (1984), 14 Ohio App.3d 394, 395, 14 OBR 500, 471 N.E.2d 872. It is axiomatic that the use of the word "shall" in a statute indicates that compliance with the statute is mandatory, absent clear unequivocal legislative intent to the contrary. *State ex rel. Village of Botkins v. Laws* (1994), 69 Ohio St.3d 383, 385, 632 N.E.2d 897. "A mandatory statute may be defined as one where noncompliance * * * will render the proceedings to which it relates illegal and void." *In re Davis* (1999), 84 Ohio St.3d 520, 522, 705 N.E.2d 1219, citing *State ex rel. Jones v. Farrar* (1946), 146 Ohio St. 467, 471–472, 32 O.O. 542, 66 N.E.2d 531.

{¶ 9} This court has consistently held that a hearing on an expungement motion is mandatory, and failure to hold one is cause for reversal and remand.[2] E.g., *State v. Nowden*, 8th Dist. No. 88605, 2007-Ohio-2914, 2007 WL 1705112; *State v. Poston*, 8th Dist. No. 87216, 2006-Ohio-4125, 2006 WL 2322859; *State v. Powers*, 8th Dist. No. 84416, 2004-Ohio-7021, 2004 WL 2979951; *State v. Davis*, 8th Dist. No. 81940, 2003-Ohio-1363, 2003 WL 1394308; *State v. Rebello* (May 4, 2000), 8th Dist. No. 77076, 2000 WL 545990; *Saltzer*, supra.

{¶ 10} In the case sub judice, the December 4, 2006 journal entry states:

{¶ 11} "Defendant's motion for expungement of record is granted order to seal records. [sic]

---

1. Hann did not file a brief with this court; therefore, we can accept the state's facts and issues of this case as correct and reverse the judgment if the state's brief reasonably appears to sustain that action. App.R. 18(C).

2. In *State v. Rogers*, 8th Dist No. 88755, 2007-Ohio-4058, 2007 WL 2269738, this court affirmed the trial court's granting of a motion for expungement without a hearing because the state waived the oral hearing.

{¶ 12} "This matter came on to be heard upon the application for expungement of the applicant's conviction.

{¶ 13} "The court has given notice to the prosecutor for the case * * *."

{¶ 14} Although the entry states that the matter was heard and notice of the hearing was provided to the prosecutor, the record gives no indication that the parties were in court and that a formal hearing was held. In addition, the record does not indicate that the parties were ever notified of a hearing date.

{¶ 15} Thus, the state's first assignment of error is sustained.

{¶ 16} In the second assignment of error, the state argues that the trial court erred in granting Hann's motion because she was convicted of crimes that are not eligible for expungement under R.C. 2953.36(D). Because the trial court failed to hold a hearing, its ruling granting Hann's expungement is invalid. As a result, we will not address whether Hann's convictions are eligible for expungement, because the trial court must consider that at the hearing. See *State v. Perkins* (Dec. 20, 2001), 8th Dist. No. 79823, 2001 WL 1637497, *1–2.

{¶ 17} Accordingly, the judgment of the Cuyahoga County Court of Common Pleas is reversed, and the cause is remanded. Upon remand, we order the trial court to schedule a hearing on this matter, provide notice to all parties, and determine whether expungement is proper.

Judgment reversed
and cause remanded.

CELEBREZZE, A.J., and DYKE, J., concur.