[Cite as *State v. R.A.*, 2012-Ohio-2507.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 97550 and 97551**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## R. A.

DEFENDANT-APPELLANT

**JUDGMENT:
REVERSED AND REMANDED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-455032 and CR-457204

**BEFORE:** Keough, J., Celebrezze, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** June 7, 2012

**ATTORNEYS FOR APPELLANT**

Larry W. Zukerman
S. Michael Lear
Brian A. Murray
Zukerman, Daiker & Lear Co., L.P.A.
3912 Prospect Avenue, East
Cleveland, OH 44115

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Diane Smilanick
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1}   In these consolidated appeals, defendant-appellant, R.A., appeals from the trial court's judgments denying his applications for expungement.   For the reasons that follow, we reverse and remand.

## I. Procedural History

{¶2}   On January 24, 2005, R.A. pled guilty in Case No. CR-455032 to three counts of burglary in violation of R.C. 2911.12(A)(3), and to one count of burglary in violation of R.C. 2911.12 in Case No. CR-457204.   On February 24, 2005, the trial court sentenced him in both cases to five years of community control sanctions.

{¶3}   On August 16, 2011, R.A. filed a motion for expungement of the criminal record in both cases pursuant to R.C. 2953.32.   The trial court ordered an expungement report from the probation department but did not set the case for hearing.   It subsequently denied the motion without a hearing, ruling that R.A. was not a first offender as required by R.C. 2953.32.   This appeal followed.

## II. Analysis

{¶4}   In his first assignment of error, R.A. contends that the trial court erred in denying his motion for expungement without a hearing.   The State concedes the error.

{¶5}   "The procedure to be followed in an expungement under R.C. 2953.32(B) is very explicitly set out in the statute."   *State v. Hilbert*,   145 Ohio App.3d 824, 825, 764 N.E.2d 1064 (8th Dist.2001).   Specifically, R.C.   2953.32(B) states that "[u]pon the

filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application."

**{¶6}** This court has repeatedly held that a hearing on an expungement motion is mandatory, and failure to hold a hearing is cause for reversal. *See, e.g., State v. Boddie*, 170 Ohio App.3d 590, 2007-Ohio-626, 868 N.E.2d 699, ¶ 4 (8th Dist.); *State v. Keller*, 8th Dist. No. 92662, 2009-Ohio-3300, ¶ 5; *State v. Hann*, 173 Ohio App.3d 716, 718, 2007-Ohio-6201, 880 N.E.2d 148 (8th Dist.); *State v. Poston*, 8th Dist. No. 87216, 2006-Ohio-4125; *State v. Powers*, 8th Dist. No. 84416, 2004-Ohio-7021; *State v. Davis*, 8th Dist. No. 81940, 2003-Ohio-1363; *State v. Rebello*, 8th Dist. No. 77076, 2000 WL 545990 (May 4, 2000); *State v. Saltzer*, 14 Ohio App.3d 394, 395, 471 N.E.2d 872 (8th Dist.1984). *See also State v. Hamilton*, 75 Ohio St.3d 636, 1996-Ohio-440, 665 N.E.2d 669. Specifically, with respect to the hearing requirement of R.C. 2953.32(B), this court has stated that "[i]t is axiomatic that the use of the word 'shall' in a statute indicates that compliance with the statute is mandatory, absent clear unequivocal legislative intent to the contrary." *Hann* at 718.

**{¶7}** Recently, in *State v. J.K.*, 8th Dist. No. 96574, 2011-Ohio-5675, in a departure from our long line of cases holding that an expungement hearing is mandatory upon an application to seal the record, this court held that a hearing is not necessary where the state raises purely an issue of law in opposition to the motion for expungement. The *J.K.* decision relied on *State v. Webb*, 2d Dist. No. 23892, 2010-Ohio-5743, for this proposition. But a reading of *Webb* demonstrates that the *Webb* court cited no authority

for its conclusion that a hearing is not necessary to resolve issues of law regarding an application for expungement. And no other cases have cited *Webb* or *J.K.* for this proposition. Accordingly, we decline to follow *Webb* or *J.K.* in this case, and hold that the trial court erred in denying R.A.'s application for expungement without first holding a hearing.

{¶8} Further, as this court has stated before:

[W]e remind the state that "expungement is an act of grace created by the state." "The expungement provisions are remedial in nature and 'must be liberally construed to promote their purposes.' As one appellate decision aptly framed the philosophy underlying expungement: '[P]eople make mistakes [and] afterwards they regret their conduct and are older, wiser, and sadder. The enactment and amendment of R.C. 2953.31 and 32 is, in a way, a manifestation of the traditional Western civilization concepts of sin, punishment, atonement, and forgiveness. Although rehabilitation is not favored in current penal thought, the unarguable fact is that some people do rehabilitate themselves.'"

We note further that whether to prosecute and what charges to file are decisions that generally rest in the prosecutor's discretion. A prosecutor should remain free to exercise his or her discretion to determine the extent of the societal interest in prosecution. This discretion is no less important when applied to issues such as expungement.

(Citations omitted.) *Boddie* at ¶ 8-9.

{¶9} Appellant's first assignment of error is sustained.

{¶10} R.A.'s second assignment of error, in which he argues that the trial court erred in not making findings with respect to each of the five factors set forth in R.C. 2953.32(C) for determining whether an applicant is eligible for expungement, is overruled as moot in light of our resolution of the first assignment of error. App.R. 12(A)(1)(c).

**{¶11}** Reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
COLLEEN CONWAY COONEY, J., CONCUR