[Cite as *State v. D.K.*, 2018-Ohio-2522.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106539**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**D.K.**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-09-525123-B

**BEFORE:** E.A. Gallagher, A.J., Boyle, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** June 28, 2018

**ATTORNEY FOR APPELLANT**

Lawrence J. Rich
Zashin & Rich Co., L.P.A.
950 Main Avenue, 4th Floor
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Gregory J. Ochocki
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, A.J.:

**{¶1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant D.K. appeals from the trial court's order denying his application to seal the record of his convictions pursuant to R.C. 2953.32. For the reasons that follow, we affirm the trial court's decision.

**Factual and Procedural Background**

**{¶2}** In November 2010, D.K. pled guilty to two counts of theft, two counts of tampering with records and two counts of attempted falsification arising out of his fraudulent billing practices as a licensed daycare provider through which he defrauded the Ohio Department of Jobs and Family Services of approximately $80,000. In December 2010, D.K. was sentenced to a two-year prison term — 18 months on each of the thefts counts, two years on each of the tampering with records counts and 12 months on each of the attempted falsification counts, all to be served concurrently — and up to three years of postrelease control. D.K. agreed to forfeit his license as a daycare provider, and not to seek a new license, agreed to close his remaining daycare and pay $80,000 in restitution. He was also ordered to pay a $10,000 fine and the costs of the investigation against him.

**{¶3}** In October 2011, the trial court granted D.K.'s request for judicial release and placed him on community control sanctions for a three-year period. In September 2013, the trial court

terminated community control, finding that D.K. had complied with all conditions of community control and had paid all restitution, costs, fines and fees.

{¶4} On October 28, 2016, D.K. filed an application to seal the record of his convictions pursuant to R.C. 2953.32(A)(1). D.K. asserted that he was an "eligible offender" as defined in R.C. 2953.31(A), that he was involved in no other criminal proceedings and that he had conducted himself "in an exemplary manner since [his] conviction[s] and desire[d] to have his record expunged." He requested that the trial court set a date for a hearing on his application. The state opposed D.K.'s application. The state argued that if the record of D.K.'s convictions was sealed, there would be "nothing to stop the defendant from attempting to obtain licensure for another daycare and/or any other business that would accept government vouchers" and that the state's interests in maintaining the record of his convictions, therefore, outweighed D.K.'s interests in having them sealed.

{¶5} The trial court ordered an expungement investigation and report related to D.K.'s application. On April 25, 2017, the trial court denied D.K.'s application without a hearing. The court stated: "Due to the nature of the offense and the reasons stated by the state in its brief in opposition, the court finds that the interests of the state in maintaining the record outweighed the defendant's interests in having the record sealed." D.K. appealed. This court vacated the trial court's judgment and held that, pursuant to R.C. 2953.32(B), the trial court was required to hold an evidentiary hearing before ruling on D.K.'s application. The matter was remanded for further proceedings. *State v. D.K.*, 8th Dist. Cuyahoga No. 105812, 2017-Ohio-7081, ¶ 1, 3.

{¶6} On remand, the trial court held a hearing on D.K.'s application. The hearing consisted solely of argument by counsel for both sides. Without presentation of any testimony or other evidence at the hearing, D.K.'s counsel asserted that D.K. wanted the record of his

convictions sealed in order "to improve his employment."  He explained that D.K. currently works at a print shop but that "there's no future."  He indicated that D.K. had sought employment at "American Greetings and other larger companies" but that once potential employers learn he has a prior felony conviction, they "don't want to talk to him."  He further indicated that D.K. had "no interest whatsoever" in working at any child care facility and was willing to sign and send a letter to the Ohio Department of Jobs and Family Services "telling them not to approve any application * * * ever for that type of employment."[1]

{¶7} The state argued that any such letter would not be sufficient to protect its interests. The state indicated that it had an interest in ensuring that D.K. "live[d] up [to] the words" of the plea agreement, that it would have no way of tracking the letter once it was sent and that without the record of his convictions, there would be nothing to preclude D.K. from obtaining another daycare license or from going into any other business that accepted government vouchers or other state funding.

{¶8} After the hearing, the trial court once again denied D.K.'s application to seal the record of his convictions, concluding that "the state's reasons for maintaining the record of conviction[s] outweigh the applicant's interests in having the records sealed."  As the trial court explained:

> [T]his is one of those where it is certainly up to the Court to decide.  I think based — the Court feels the opinion [sic] and also the statute itself, the defendant is an eligible offender for purposes of the Court hearing his application.
>
> Again, whether or not the Court grants the application is a matter of weighing those interests; the defendant to obtain employment, and also the State's need to keep this record open basically for general protection of the public and making sure that the interests of justice are served.

---

[1]Although the state asserts that D.K.'s counsel "submitted" the unsigned letter at the hearing, it is not in the record.

I have concerns about this case also only because of the subject matter that it does involve; that it does involve, basically, defrauding a public agency.

I know [D.K.] has paid his dues, has paid his debt to society in other words. But our criminal records are for a reason and that is also in order to give the public some kind of indication if there are — that would affect decision-making in the future. And that is a necessary fact that people should know.

I'm influenced somewhat by the fact that our rules of evidence even allow impeachment evidence of prior convictions even beyond the normal timeframes if they do involve the crime [sic] involving dishonesty or false statement.

And I think that that is a valid reason that the State would have in order to keep this matter open and available to the public. So because of that overriding public interest, I am going to deny the application.

**{¶9}** D.K. appealed the trial court's ruling, raising the following assignment of error for review:

The trial court abused its discretion by denying appellant's motion to seal records

under R.C. 2953.32.

**Law and Analysis**

**{¶10}** We review a trial court's denial of an application to seal a record of conviction for abuse of discretion. *State v. M.H.*, 8th Dist. Cuyahoga No. 105589, 2018-Ohio-582, ¶ 11, citing *State v. Smith*, 8th Dist. Cuyahoga No. 91853, 2009-Ohio-2380, ¶ 5; *see also State v. Pace*, 11th Dist. Ashtabula No. 2015-A-0041, 2016-Ohio-1158, ¶ 6 ("A court of appeals should not second guess a trial court's decision denying an R.C. 2953.32 expungement application absent an abuse of discretion or a misapplication of the governing statute."). An abuse of discretion occurs where the trial court's decision is arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "'A decision is unreasonable if there is no sound reasoning process that would support that decision.'" *Ockunzzi v. Smith*, 8th

Dist. Cuyahoga No. 102347, 2015-Ohio-2708, ¶ 9, quoting *AAAA Ents. Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶11} In considering an application to seal a record of conviction, a trial court must comply with R.C. 2953.32. R.C. 2953.32(C)(1) requires the trial court to do the following:

(a) Determine whether the applicant is an eligible offender * * *;

(b) Determine whether criminal proceedings are pending against the applicant;

(c) * * * [D]etermine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection * * *, consider the reasons against granting the application specified by the prosecutor in the objection; [and]

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction * * * sealed against the legitimate needs, if any, of the government to maintain those records.

{¶12} Pursuant to R.C. 2953.32(C)(2), the court shall order the applicant's record sealed if it finds that the applicant is an eligible offender, there are no criminal proceedings pending against him, the applicant has been rehabilitated to the court's satisfaction and there is no legitimate governmental need to maintain the record that outweighs the interest of the applicant in having his record sealed. *State v. Thompson,* 12th Dist. Warren No. CA2015-09-083, 2016-Ohio-2895, ¶ 7.

{¶13} The sealing of a record of a criminal conviction is a privilege, not a right. *M.H.*, 2018-Ohio-582, at ¶ 11, citing *State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000); *see also State v. V.S.*, 8th Dist. Cuyahoga No. 105264, 2017-Ohio-1565, ¶ 9 ("[A]s an 'act of grace created by the state,' the sealing of a criminal record is a 'privilege, not a right.'"), quoting *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, 4 N.E.3d 980, ¶ 11. Nevertheless, these provisions are "remedial in nature and 'must be liberally construed to promote their purposes.'"

*State v. M.D.*, 8th Dist. Cuyahoga No. 92534, 2009-Ohio-5694, ¶ 9, quoting *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622, 716 N.E.2d 204 (1999). As this court previously explained in *M.H.*:

> The purpose of expungement, or sealing a record of conviction, is to recognize that people may be rehabilitated. *State v. Petrou*, 13 Ohio App.3d 456, 456, 469 N.E.2d 974 (9th Dist.1984). In enacting the expungement provisions, the legislature recognized that "'[p]eople make mistakes, but that afterwards they regret their conduct and are older, wiser, and sadder. The enactment and amendment of R.C. 2953.31 and 2953.32 is, in a way, a manifestation of the traditional Western civilization concepts of sin, punishment, atonement, and forgiveness.'" *State v. M.D.*, 8th Dist. Cuyahoga No. 92534, 2009-Ohio-5694, ¶ 8, quoting *State v. Boddie*, 170 Ohio App.3d 590, 2007-Ohio-626, 868 N.E.2d 699, ¶ 8 (8th Dist.).

*M.H.*, 8th Dist. Cuyahoga No. 105589, 2018-Ohio-582, at ¶ 10; *see also State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist.2001) ("The legislature which is closer to the people recognized that people make mistakes, but that afterwards they regret their conduct and are older, wiser and sadder. * * * [T]he unarguable fact is that some people do rehabilitate themselves.").

{¶14} There is no dispute in this case that the requirements under R.C. 2953.32(C)(1)(a)-(c) have been met, i.e., that D.K. is an eligible offender, that no criminal proceedings are pending against him and that he has been rehabilitated to the trial court's satisfaction. Rather, this case turns on the balancing-of-the-interests requirement and the trial court's finding that "the state's reasons for maintaining the record of conviction[s] outweigh the applicant's interests in having the records sealed."

{¶15} The hearing on an application to seal a record of conviction is not an adversarial proceeding; the "primary purpose" of the hearing is "to gather information." *M.D.* at ¶ 9. At the hearing on D.K.'s application, D.K.'s counsel argued that D.K.'s interest in having the record

of his convictions sealed in order "to improve his employment" outweighed the state's interests in maintaining a public record of his convictions because the state's interests could be met by D.K. sending a letter to Ohio Department of Jobs and Family Services indicating that he would not apply for a license for a childcare facility or to be a childcare provider and that, if he were to do so, requesting that they "not accept" his application. D.K.'s counsel provided limited information regarding D.K.'s current employment and his difficulties in attempting to secure better employment.

{¶16} In his appellate brief, D.K. makes somewhat different arguments. He argues that the trial court abused its discretion in denying his application because the state's interest in enforcing the plea agreement and ensuring that he be prevented from obtaining another daycare license is met by the fact that a mandatory criminal records search, which includes the inspection of sealed records, is required before a daycare license is issued pursuant to R.C. 5104.013 and 109.572(A)(5) and Adm.Code 5101:2-12-09(F)(1)(a). With respect to the state's interest in precluding D.K. from going into any other business that accepts government vouchers or state funding, D.K. argues that the state's interest should not override his interest in securing better employment because (1) even if the record of his convictions was sealed, he would still be subject to questioning regarding his convictions if he were to apply for a position where a criminal record would have a "direct and substantial relationship to his job duties" under R.C. 2953.33, (2) mandatory record checks of sealed criminal records are required in "over 30 instances" under R.C. 109.572 and (3) certain law enforcement personnel are entitled to inspect sealed criminal records under certain circumstances pursuant to R.C. 2953.32(E). The state urges us to reject these arguments because they were not raised below.

**{¶17}** As a general matter, a party cannot present new arguments for the first time on appeal that were not raised below, and a trial court cannot be said to have abused its discretion by failing to consider arguments that were never presented to it. *See, e.g., State v. Pratts*, 8th Dist. Cuyahoga No. 104235, 2016-Ohio-8053, ¶ 43; *see also Wells Fargo Bank, N.A. v. Bluhm*, 6th Dist. Erie No. E-13-052, 2015-Ohio-921, ¶ 17 ("Appellate courts will not find that a trial court abused its discretion in denying * * * relief based upon arguments that were never presented to it."). However, even if we were to consider D.K.'s "new" or expanded arguments, it would not change the result here.

**{¶18}** We cannot substitute our judgment for that of the trial court. The record reflects that, in ruling on D.K.'s application, the trial court expressly considered and carefully weighed D.K.'s interest in securing better employment against the state's interests in keeping the record of his convictions open and available to the public.

**{¶19}** Mindful of our standard of review, on the record before us, we cannot say that the trial court acted arbitrarily, unreasonably or unconscionably in concluding that the state's interests in maintaining the record of D.K.'s convictions outweigh D.K.'s interests in having the record sealed and denying D.K.'s application on that basis. *See, e.g., Smith*, 8th Dist. Cuyahoga No. 91853, 2009-Ohio-2380, at ¶ 11-13 (trial court did not abuse its discretion in denying application for expungement of record of conviction for aggravated theft for removal of fish from Lake Erie where trial court found that there was a "compelling public interest," particularly given the large amounts of restitution that were paid, that the public be aware of the persons involved in the theft to avoid dealing with them in the future); *State v. Krutowsky*, 8th Dist. Cuyahoga No. 81545, 2003-Ohio-1731, ¶ 18-19 (trial court did not abuse its discretion in denying motion for expungement of record of convictions related to appellant's forgery of cognovit notes and

defrauding investors where, although appellant made full restitution to victims, one of victims suffered "collateral consequences" as a result of appellant's criminal acts and appellant continued to conduct business transactions with the public, "which poses a potential risk to the public"). Accordingly, the trial court did not abuse its discretion in denying D.K.'s application.

{¶20}   D.K.'s assignment of error is overruled.

{¶21} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR