[Cite as *State v. C.W.D.*, 2020-Ohio-4463.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108800 |
| v. | : | |
| C.W.D., JR., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 17, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-94-313126-A, CR-96-340894-A, CR-96-346105-B,
and CR-97-349021-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Tasha L. Forchione, Assistant Prosecuting
Attorney, *for appellee.*

Kenneth A. Nelson, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant, C.W.D., Jr., appeals the decision of the trial court denying his application to seal criminal records. For the following reasons, we affirm the decision of the trial court.

**Background**

{¶ 2}  On July 11, 1994, C.W.D., Jr. was charged with Count 1, receiving stolen property (motor vehicle), a third-degree felony in violation of R.C. 2913.52, and Count 2, possessing criminal tools, a fifth-degree felony in violation of R.C. 2923.24.

{¶ 3}  On September 30, 1994, the state of Ohio ("the state") amended Count 1 for receiving stolen property to a fourth-degree felony.  C.W.D., Jr. subsequently pled guilty to the amended receiving stolen property charge and Count 2, possessing criminal tools, was dismissed.  The court ordered C.W.D., Jr. to complete one year of probation.

{¶ 4}  On March 4, 2019, C.W.D., Jr. filed a motion to seal his record in the above case, case no. CR-94-313126, pursuant to R.C. 2953.32.  In addition, C.W.D., Jr. filed motions to seal the record for three other felony convictions:

Case no. CR-96-340894: C.W.D., Jr. pled guilty to attempted theft of a motor vehicle, a fourth-degree felony in violation of R.C. 2923.02.

Case no. CR-96-346105: C.W.D., Jr. pled guilty to trafficking in drugs, a fourth-degree felony in violation of R.C. 2925.03.

Case no. CR-97-349021: C.W.D., Jr. pled guilty to attempted grand theft of a motor vehicle, a fifth-degree felony in violation of R.C. 2923.02.

{¶ 5}  In addition to the four convictions C.W.D., Jr. requested sealed, C.W.D., Jr. has four additional convictions:

Case no. 1994CRB033723:  On December 12, 1994, C.W.D., Jr. pled guilty to compounding a crime, a fourth-degree misdemeanor in violation of R.C. 2921.21.

Lee County, Florida case no. 02-MM-012575: On December 11, 2002, C.W.D., Jr. pled guilty to failure to register as a felony offender, a second-degree misdemeanor.

Case no. 2002CRB006073: On November 22, 2004, C.W.D., Jr. pled guilty to domestic violence, a first-degree misdemeanor in violation of R.C. 2919.25.

Case no. 2009CRB016857: On June 5, 2009, C.W.D., Jr. pled guilty to noise in motor vehicles, a fourth-degree misdemeanor in violation of Cleveland City ordinance 683.02.

{¶ 6} All told, C.W.D., Jr. has eight convictions.

{¶ 7} On April 23, 2019, the state filed a brief in opposition to C.W.D., Jr.'s motions. The state argued that C.W.D., Jr. was ineligible under R.C. 2953.31(A)(1)(a) and 2953.31(A)(1)(b).

{¶ 8} On June 17, 2019, the trial court held a hearing and denied C.W.D., Jr.'s motions to seal his records, finding that he was not an eligible offender. C.W.D., Jr. appeals, presenting a single assignment of error.

## Assignment of Error

Whether the [t]rial [c]ourt erred by denying [a]ppellant's [a]pplication for [e]xpungement contrary to law and violated his right to due process[?]

## Expungement eligibility

{¶ 9} We review the trial court's denial of C.W.D., Jr.'s application to seal his record of conviction for an abuse of discretion. *State v. M.H.*, 8th Dist. Cuyahoga No. 105589, 2018-Ohio-582, ¶ 11, citing *State v. Smith*, 8th Dist. Cuyahoga No. 91853, 2009-Ohio-2380. An abuse of discretion occurs where the trial court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5

Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). However, whether an applicant is considered an eligible offender is an issue of law for a reviewing court to decide de novo. *State v. M.E.*, 8th Dist. Cuyahoga No. 106298, 2018-Ohio-4715, ¶ 6, citing *State v. M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025. Because the trial court denied C.W.D., Jr.'s applications on the basis that he was an ineligible offender, we review the trial courts' decisions de novo.

{¶ 10} To be "eligible" for sealing, an offender must qualify under either subsection (a) or (b) of R.C. 2953.31(A)(1).

{¶ 11} Subsection (a) states that an "eligible offender" is:

anyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense.

{¶ 12} C.W.D., Jr. argues that he is eligible under subsection (a) because he is only applying to have his four felonies sealed, all of which are "felonies of the fourth or fifth degree" and none of which "are an offense of violence or a felony sex offense." He acknowledges that he has a misdemeanor conviction for an offense of violence, but suggests that conviction does not disqualify him because he is not asking for that record to be sealed. Essentially, C.W.D., Jr. is arguing that subsection (a) is used only to determine whether an offense is eligible to be sealed, and not whether the person themselves is eligible. Unfortunately, his argument is not in line with the statute; "eligible offender" does not mean "eligible offense."

**{¶ 13}** Subsection (a) determines whether a person is an "eligible offender" based on the number and type of convictions that person has; the number or type of convictions that a person would like sealed is immaterial to the eligibility question. As sympathetic as we are to C.W.D., Jr.'s request to seal decades old felony convictions, a person is not eligible under subsection (a) if they have an offense of violence conviction on their record.

**{¶ 14}** We have not addressed this particular argument before, but we find a prior decision instructive. In *State v. D.D.G.*, 2019-Ohio-4982, 136 N.E.3d 1271 (8th Dist.). D.D.G. only applied to have one fourth- degree felony and two fourth-degree felonies expunged. However, he also had a third-degree felony on his record. Even though he was not asking the court to seal his conviction record for the third-degree felony, the language of subsection (a) clearly indicated that a person with a third-degree felony is not an eligible offender. Likewise, C.W.D., Jr., even though he only wants to seal his felony convictions is categorically barred by subsection (a) because of his misdemeanor conviction for an offense of violence.

**{¶ 15}** He is also not an eligible offender under subsection (b).

**{¶ 16}** Subsection (b) states that an "eligible offender" is:

> [a]nyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction.

{¶ 17} C.W.D., Jr. has four felony convictions and four misdemeanor convictions meaning that he does not qualify under any of the provisions of subsection (b).

{¶ 18} We note that C.W.D., Jr. also alleged a due process violation in his assignment of error. However he has not offered any argument as to how his due process rights were violated, and only discussed the court's potential abuse of discretion as to the record sealing. This does not satisfy appellant's obligation under App.R. 16(A)(7).

{¶ 19} An appellate court is not obliged to construct or develop arguments to support a defendant's assignment of error and "will not 'guess at undeveloped claims on appeal.'" *See, e.g., State v. Piatt*, 9th Dist. Wayne No. 19AP0023, 2020-Ohio-1177, ¶ 39, quoting *McPherson v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 21499, 2003-Ohio-7190, ¶ 31; *see also State v. Collins*, 8th Dist. Cuyahoga No. 89668, 2008-Ohio-2363, ¶ 91 ("'[I]t is not the duty of this Court to develop an argument in support of an assignment of error if none exists.'"), quoting *State v. Franklin*, 9th Dist. Summit No. 22771, 2006-Ohio-4569, ¶ 19; App.R. 12(A)(2).

{¶ 20} Finding that C.W.D., Jr. is not an eligible offender, we affirm the decision of the trial court.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

RAYMOND C. HEADEN, J., CONCURS;
PATRICIA ANN BLACKMON, P.J., CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION

PATRICIA ANN BLACKMON, P.J., CONCURRING IN JUDGMENT ONLY:

{¶ 21} I respectfully concur in judgment only. I recognize that expungement is determined as a matter of law and in accordance with the provisions of R.C. 2953.31 et seq., and that this court is constrained to apply the terms of the law as written. Yet, I am troubled by the application of the law here where the granting of a fresh start appears to be warranted.

{¶ 22} Plainly, "[a] criminal record can make finding employment, obtaining housing, enrolling in and funding your education, and securing other opportunities very difficult." *See* Fresh Start Expungement Clinic - Hamilton County Public Defender, available at http:// www.hamiltoncountypd.org › page=fresh-start-2 (accessed Aug. 20, 2020).

{¶ 23} Senate Bill 66, effective October 29, 2018, was amended to expand eligibility and presently permits expungement where the applicant has committed

unlimited misdemeanors and up to five fourth- or fifth-degree felonies, so long as the offenses are not sex offenses or offenses of violence.

{¶ 24} In enacting the expungement provisions, the legislature recognized that "'[p]eople make mistakes, but that afterwards they regret their conduct and are older, wiser, and sadder. The enactment and amendment of R.C. 2953.31 and 2953.32 is, in a way, a manifestation of the traditional Western civilization concepts of sin, punishment, atonement, and forgiveness.'" *State v. M.D.*, 8th Dist. Cuyahoga No. 92534, 2009-Ohio-5694, ¶ 8, quoting *State v. Boddie*, 170 Ohio App.3d 590, 2007-Ohio-626, 868 N.E.2d 699, ¶ 8 (8th Dist.). The provisions of R.C. 2953.31 et seq. are remedial in nature. *State v. Bissantz*, 30 Ohio St.3d 120, 121, 507 N.E.2d 1117 (1987); *State v. Hartup*, 126 Ohio App.3d 768, 773, 711 N.E.2d 315 (8th Dist.1998). They must be liberally construed to promote their purposes. *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 1999-Ohio-213, 716 N.E.2d 204.

{¶ 25} Thus, the purpose is broad, yet the eligibility definitions are, on their face, are somewhat limited and inflexible. In my view, this creates an anomaly within the statute itself that the General Assembly should address. Moreover, I believe that this case highlights the need to vest trial courts with a measure of discretion in order to balance the interest of the applicant, the appropriateness of a fresh start, and the legitimate need of the government to maintain records. We as a society have vested too much time in criminalization and way too little time on rehabilitation. History will define what the correct course of action should have been.