[Cite as *State v. Ofori*, 2023-Ohio-1460.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-220367 |
| | | C-220368 |
| Plaintiff-Appellee, | : | C-220369 |
| | | C-220370 |
| vs. | : | TRIAL NOS. C-11CRB-4218 |
| | | 15CRB-34430A |
| JESSE OFORI, | : | C-12CRB-20695 |
| | | C-14CRB-11414 |
| Defendant-Appellant. | : | |


*O P I N I O N.*


Criminal Appeals From:  Hamilton County Municipal Court

Judgments Appealed From Are:  Affirmed

Date of Judgment Entry on Appeal: May 3, 2023


*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Connor E. Wood*, Assistant Prosecuting Attorney, for Plaintiff-Appellee City of Cincinnati,

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee State of Ohio,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah Nelson,* Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Judge.**

{¶1}  Jesse Ofori appeals the denial of his applications to seal his misdemeanor convictions arguing that the trial court abused its discretion when it found that the government's interest in maintaining the records as public outweighed his interest in having the records sealed.  For the reasons that follow, we affirm the judgments of the trial court.

## Background

{¶2}  In March 2022, Ofori filed applications to seal the records of a 2011 conviction for forgery and two convictions for unauthorized use of property, one in 2012 and one in 2016.  A month later, the trial court conducted a hearing where Ofori appeared without counsel.  The trial court denied the applications after finding that the "government interest outweighs applicant's interest in sealing record" and "insufficient evidence of rehabilitation (subsequent arrests/convictions)."  Ofori did not appeal.

{¶3}  Two months later, Ofori again filed applications to seal the same records plus the records of a 2014 criminal-damaging conviction, noting on the applications that he was now employed.  At the hearing in July 2022, both the city and county prosecutors informed the court that they had no objections to the sealing of the records.  The trial court asked Ofori what had changed since the prior applications.  Counsel responded that Ofori had representation to explain his efforts at rehabilitation.  Ofori, a father of four with a fifth child on the way, had recently obtained his associate's degree in business administration.  An unidentified speaker further explained that Ofori had resolved all of his past issues regarding his driver's

license and would obtain his license on December 4, 2022, to prevent future traffic offenses related to driving without a license.[1]

{¶4} The court addressed Ofori who informed the court that as he has grown older and become a father, he realized that he must provide a better example for his children, and he must do better. Since his last application, Ofori had secured employment at Gates where he drives a vehicle, picks auto parts, and selects autos. Ofori further explained that having completed a program in business administration, he planned to transfer to Wilmington College to obtain a bachelor's degree.

{¶5} The court noted a reference in the probation report about immigration proceedings in 2014 and inquired about his immigration status. Ofori responded that he is a permanent resident.

{¶6} After addressing Ofori, the court noted the "subsequent contacts with the criminal justice [system]" and reaffirmed its previous opinion that Ofori presented insufficient evidence of rehabilitation. The court noted a 2017 dismissed domestic-violence charge, a 2018 OVI charge that resulted in a conviction for reckless operation, a second reckless-operation conviction in 2018, and nonpayment of court costs in 2019. Further, the court commented that several of Ofori's charges were crimes of dishonesty that were reduced to lesser offenses and concluded that the government interest in maintaining public access to the records outweighed his interest in having them sealed. The court denied the applications.

{¶7} After the denial, the unidentified speaker asked the court to articulate the government interest. The court responded "all of the citizens of this community, there is a public interest in maintaining public records and public access to what goes

---

[1] Ofori had numerous convictions for driving under suspension.

on in the courtrooms of Hamilton County and throughout the jurisdiction." Seeking clarification, the speaker questioned whether it was due to the number of misdemeanors or the crimes of dishonesty and reminded the court that the legislature determined that all of the offenses were eligible to be sealed.

{¶8} In response, the court explained that the legislature does not require courts to grant all applications and instead requires the court to balance the competing interests, and in this circumstance, the government interest outweighed the applicant's interest. The court assured the speaker that the decision was not based on the crimes of dishonesty.

{¶9} Ofori now appeals, and in one assignment of error, he contends that the trial court abused its discretion in denying the applications to seal. Specifically, he argues that the court's finding that the government's interest in maintaining the records outweighed his interest in having the records sealed was not supported by sound reasoning. Notably, the state and the city do not defend the trial court's finding on appeal. Instead, the state and city contend that Ofori's applications were barred by the doctrine of res judicata.

## Res Judicata

{¶10} Ohio courts have held that the doctrine of res judicata ordinarily prohibits successive applications to seal a conviction. *See State v. Bailey*, 2d Dist. Montgomery No. 26464, 2015-Ohio-3791, ¶ 16-18; *State v. Singo*, 9th Dist. Summit No. 27094, 2014-Ohio-5335, ¶ 12; *In re Sealing of the Record of Brown*, 10th Dist. Franklin No. 07AP-715, 2008-Ohio-4105, ¶ 10. Res judicata does not bar successive applications where there is a showing of changed or new circumstances. *State v. Cope*, 111 Ohio App.3d 309, 311-312, 676 N.E.2d 141 (1st Dist.1996), *abrogated on other*

*grounds*, *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, 4 N.E.3d 980.

{¶11} Here, the state never asserted res judicata in the trial court and cannot raise it now on appeal. *See State v. Rojas*, 180 Ohio App.3d 52, 2008-Ohio-6339, 904 N.E.2d 541, ¶ 12 (2d Dist.) ("not having so objected [to the successive application] in the trial court proceeding, the State has forfeited its right to argue res judicata on appeal"); *State v. Delgado*, 8th Dist. Cuyahoga No. CR-05-466377-A, 2015-Ohio-5256, ¶ 15 ("The state never asserted res judicata in the trial court, however, and cannot raise it now on appeal."); *State v. Walls*, 8th Dist. Cuyahoga No. 79196, 2001 Ohio App. LEXIS 5188, 7 (Nov. 21, 2001) (res judicata is an affirmative defense that is waived if not timely asserted); *State v. Skoglund*, 8th Dist. Cuyahoga No. 46988, 1983 Ohio App. LEXIS 15958, 4 (Nov. 3, 1983) ("the failure to raise the defense of res judicata at the trial level precludes a party from raising it at a later time"). Accordingly, the state and city have forfeited the right to argue res judicata on appeal.

{¶12} In a related argument, the state and city contend that the transcript from the hearing on Ofori's first applications is necessary to resolve this appeal because the trial court stated that its "opinion on these matters is the same as it was in April." The state further insists that the probation report relied upon by the trial court was not made part of the record on appeal. Without the transcript from the initial hearing, they urge this court to presume the regularity of the proceedings and affirm the judgments. Generally, when the appellant has failed in his duty to ensure that this court has the record necessary to the resolution of assigned errors, this court must presume the regularity of the lower court's proceedings and affirm the judgment of the trial court. *See, e.g., Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400

N.E.2d 384 (1980); *State v. Patterson*, 128 Ohio App.3d 174, 177-178, 714 N.E.2d 409 (1st Dist.1998).

{¶13} However, the trial court was aware of the previous applications and inquired about the change in circumstances that prompted the successive applications. Satisfied that the circumstances had changed, the trial court proceeded to conduct an evidentiary hearing on the new applications. The record before us includes a transcript of the hearing and the probation report. Therefore, the transcript of the initial hearing is not required to resolve whether the trial court erred in denying Ofori's subsequent applications to seal.

### Standard of Review

{¶14} Generally, a trial court's decision to grant or deny an application to seal records is reviewed for an abuse of discretion. *State v. R.S.*, 1st Dist. Hamilton Nos. C-210169, C-210170, C-210171, C-210172 and C-210173, 2022-Ohio-1108, ¶ 7. An abuse of discretion is more than an error of law or judgment; it implies that the attitude of the trial court was "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "[A]n abuse of discretion occurs when a trial court's judgment does not comport with reason or the record." *R.S.* at ¶ 8.

### Law and Analysis

{¶15} "In Ohio, sealing an individual's criminal record is an act of grace created by the state." *Id*. at ¶ 10. The statutes governing sealing are remedial in nature and "must be liberally construed to promote their purposes." *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622, 716 N.E.2d 204 (1999). The purpose of expungement, or sealing a record of conviction, is to recognize that people may be rehabilitated. *State*

*v. Petrou*, 13 Ohio App.3d 456, 456, 469 N.E.2d 974 (9th Dist.1984). As the Eighth District Court of Appeals explained, in enacting the expungement provisions, the legislature recognized, that "people make mistakes, but that afterwards they regret their conduct and are older, wiser, and sadder. The enactment and amendment of R.C. 2953.31 and 2953.32 is, in a way, a manifestation of the traditional Western civilization concepts of sin, punishment, atonement, and forgiveness." *State v. M.D.*, 8th Dist. Cuyahoga No. 92534, 2009-Ohio-5694, ¶ 8, quoting *State v. Boddie*, 170 Ohio App.3d 590, 2007-Ohio-626, 868 N.E.2d 699, ¶ 8 (8th Dist.), quoting *State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist.2001).

{¶16} In reviewing an application, R.C. 2953.32(C)(1) states that the court shall do each of the following:

(a) Determine whether the applicant is an eligible offender;

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records.

{¶17}  In this case, the court denied the application after finding that Ofori was not sufficiently rehabilitated, and that the state's need to maintain the records outweighed his interest in sealing the records.  On appeal, Ofori challenges the court's finding that the state's interest outweighs his, but does not challenge the insufficient-rehabilitation finding.

{¶18}  This case is similar to *R.S.*, 1st Dist. Hamilton Nos. C-210169, C-210170, C-210171, C-210172 and C-210173, 2022-Ohio-1108, *State v. A.S.*, 1st Dist. Hamilton No. C-220259, 2022-Ohio-3833, and *State v. McVean*, 1st Dist. Hamilton Nos. C-210459 and C-210460, 2022-Ohio-2753.  In all three cases, the same trial court judge determined sua sponte that the state's interest in maintaining the records outweighed the applicants' interest in having the records sealed, without specifying a legitimate governmental interest.  *R.S.* at ¶ 28-29; *A.S.* at ¶ 15; *McVean* at ¶ 13-14.

{¶19}  In all three cases, this court reversed the trial court due to the lack of a legitimate government interest to support the decisions.  *R.S.* at ¶ 22 ("The trial court's finding that the state's interests outweighed R.S.'s interests belies the facts and circumstances of the case.); *A.S.* at ¶ 15 ("On these facts, the trial court invoked no cognizable legitimate government interest to support its decision to deny A.S.'s application to seal her record.  Indeed, its rationale would mean that virtually no one would ever qualify for sealing their records, which represents the antithesis of 'liberally' construing the statute."); *McVean* at ¶ 13 ("The state seemed content with sealing for Mr. McVean, but the trial court refused to accept that outcome, going out of its way to divine a justification that even the state didn't seriously advance.").

{¶20}  Even if this court agrees that the trial court abused its discretion in determining that an unidentified governmental interest outweighed Ofori's legitimate

interest in having the records sealed, the trial court made a second finding to justify denying the application. The court found that Ofori was not sufficiently rehabilitated, and he does not challenge the insufficient-rehabilitation finding on appeal.

**{¶21}** Thus this court is constrained to affirm the judgments of the trial court based upon its finding that Ofori had not been rehabilitated to the court's satisfaction.

## Conclusion

**{¶22}** We overrule the sole assignment of error and affirm the trial court's judgments.

Judgments affirmed.

**CROUSE, P.J.,** and **KINSLEY, J.,** concur.

Please note:
The court has recorded its own entry this date.